IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA CORNELL SKINNER,<br>　　ID # 2137079,<br>　　　　Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>　　　　Respondent. | )<br>)<br>)<br>)<br>)　No. 3:21-CV-1246-X-BH<br>)<br>)<br>)<br>)　Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Motion to Stay*, received on June 24, 2022 (doc. 40), should be **DENIED**.

### I.　　BACKGROUND

Joshua Cornell Skinner (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his January 17, 2017 conviction and life sentence in the 204th Judicial District Court of Dallas County, Texas. (*See* doc. 18 at 2.) The respondent is the Director of the TDCJ-CID. (*See id.* at 1.)

On January 17, 2017, Petitioner was convicted of aggravated sexual assault of a child in Case No. F-15-20176-Q in the 204th Judicial District Court of Dallas County, Texas, and sentenced to life imprisonment without the possibility of parole. *See State v. Skinner*, No. F-15-20176-Q (204th Dist. Ct., Dallas Cnty., Tex. Jan. 17, 2017). His judgment was modified to reflect that he received a sentence of life imprisonment, that the complainant was 13 years old at the time of the offense, and that Petitioner was subject to sex offender registration requirements; as

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

modified, the judgment was affirmed on direct appeal. *See Skinner v. State*, No. 05-17-00153-CR, 2018 WL 3545023 (Tex. App.—Dallas July 24, 2018, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review (PDR). *See Skinner v. State*, No. PD-1296-18 (Tex. Crim. App., Jan. 30, 2019). Petitioner's state habeas application, received by the trial court on October 22, 2019, was denied on March 17, 2021, by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. *See Ex parte Skinner*, No. WR-64,741-05 (Tex. Crim. App. Mar. 17, 2021); *Ex parte Skinner*, No. W15-20176-Q(A) (204th Dist. Ct., Dallas Cnty, Tex. Oct. 22, 2019).

Petitioner's original federal habeas petition under § 2254 was received on May 28, 2021. (*See* doc. 3.) On July 14, 2021, he filed an amended § 2254 petition that added new grounds for relief. (*See* doc. 18.) Respondent contends that several of Petitioner's grounds for relief are unexhausted and procedurally barred. (*See* doc. 26 at 6.) Petitioner now seeks to stay his federal petition and have his case abated so that he may return to state court and attempt to exhaust a new claim that he did not raise in either his original or amended § 2254 petition. (*See* doc. 40 at 3-4.) He seeks to exhaust a claim that "his appellate counsel was ineffective assistance [sic] by failing to raise the issue that, 'trial Court abused her discretion by denying his attorney's request for a directed verdict.'" (*Id.* at 4.) He argues that "the trial court erred by denying his attorney's directed verdict, because the State's evidence failed to prove all of the allegations in the indictment." (*Id.*)

## II.    STAY AND ABEYANCE

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v.*

*Procunier,* 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for a writ of habeas corpus. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986); *Richardson,* 762 F.2d at 432.

When a federal petition for a writ of habeas corpus contains grounds for relief that are unexhausted, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is "good cause for [the] failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("Because a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'") (quoting *Rhines,* 544 U.S. at 277)), abrogated on other grounds by *Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

Here, Petitioner has not met the *Rhines* standard. First, he has not shown good cause for his failure to exhaust. He claims that "beofre [sic] developing his current federal habeas claims in the state courts, he was confused as to what claims were cognizable on appeal." (doc. 40 at 2.) He alleges that the State's response to his state habeas application "led Petitioner to believe that all 'abuse of discretion' calims [sic] were not cognizable on a writ of habeas corpus but that they should be attacked on direct appeal." (*Id.* at 3.) Before the State filed its response in the state habeas proceedings, however, Petitioner had already raised claims in his state habeas application challenging alleged trial court errors and claiming ineffective assistance of appellate counsel. *See*

3

*Skinner*, No. W15-20176-Q(A), at 8-19 (204th Dist. Ct., Dallas Cnty, Tex. Oct. 22, 2019). He does not explain why he did not previously present his new ineffective assistance of appellate counsel claim based on an alleged failure to challenge a trial court error, despite bringing both types of claims in his state habeas application. He therefore fails to show good cause.

Further, Petitioner has not shown that his unexhausted claim is meritorious. Under Texas law, neither the state trial court nor the Texas Court of Criminal Appeals may consider the merits of a subsequent habeas application filed after a state habeas application challenging the same conviction has been decided, unless the subsequent application establishes that the factual or legal basis for the claim was unavailable on the date the prior writ was filed or that no rational juror could have found the applicant guilty beyond a reasonable doubt. *See* Tex. Code Crim. Proc. art. 11.07 § 4. Here, the factual basis for Petitioner's new claim of ineffective assistance of appellate counsel arose at trial and was available when he filed his state habeas application, and he has not alleged or shown that no rational juror could have found him guilty at trial based on the alleged error. It therefore appears unlikely that the merits of a subsequent writ will be considered by the state court and that he will be able to exhaust this claim. For purposes of *Rhines*, "when a petitioner is 'procedurally barred from raising [his] claims in state court,' his unexhausted claims are plainly meritless." *Williams*, 602 F.3d at 309 (internal quotation marks omitted); *see also Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). Petitioner therefore has failed to show that his unexhausted claim is meritorious.

Because Petitioner has not shown that he is entitled to a stay and abeyance under the standard set forth in *Rhines,* his motion should be denied.

### III.   RECOMMENDATION

The *Motion to Stay*, received on June 24, 2022 (doc. 40), should be **DENIED**.

**SIGNED this 27th day of June, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE