IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA CORNELL SKINNER, ) <br> ID # 02137079, ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DIRECTOR, Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br> Respondent. ) | <br><br><br><br>No. 3:21-CV-1246-X-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's unopposed *Motion to Dismiss Unexhausted Claims*, received on October 26, 2022 (doc. 46), should be **GRANTED**, and his amended *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 14, 2021 (doc. 18), should be **DENIED** with prejudice.

**I.       BACKGROUND**

Joshua Cornell Skinner (Petitioner), an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2017 conviction and life sentence. (*See* doc. 18 at 2.) The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

**A.       State Court Proceedings**

In 2016, Petitioner was indicted for aggravated sexual assault of a child under Texas Penal Code § 22.021(a)(2)(B) in the 204th Judicial District Court of Dallas County, Texas. (*See* doc. 29-23 at 4.)  He pleaded not guilty to the charged offense and proceeded to a jury trial beginning

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

on January 10, 2017. (*See* doc. 32 at 8.) A jury found him guilty and sentenced him to life imprisonment in the TDCJ-CID. (*See id.*; doc. 29-23 at 7-9.) On direct appeal, the judgment was modified to remove "without possibility of parole" from the sentence, and to reflect that the victim was thirteen years old at the time of the offense and that sex offender registration requirements applied to Petitioner; as modified, the judgment was affirmed. (*See* doc. 29-2 at 1, 20-21); *Skinner v. State*, No. 05-17-00153-CR, 2018 WL 3545023, at *1, 11 (Tex. App.—Dallas July 24, 2018, pet. ref'd). His motions for a panel rehearing and a rehearing *en banc* were denied. *See Skinner*, No. 05-17-00153-CR (Tex. App.—Dallas Sept. 6, 2018 & Oct. 29, 2018).

The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review (PDR). (*See* doc. 29-13); *Skinner v. State*, No. PD-1296-18 (Tex. Crim. App. Jan. 30, 2019). His state habeas application, signed on October 15, 2019, was received by the trial court on October 22, 2019. (*See* doc. 29-23 at 16-44.) His trial and appellate counsel submitted affidavits in response to the claims raised in the state habeas application. (*See id.* at 61-67.) On April 29, 2020, the state trial court issued findings of fact and conclusions of law recommending that Petitioner's state habeas application be denied. (*See id.* at 52-59.) On March 17, 2021, the Texas Court of Criminal Appeals denied the state habeas application without written order on the findings of the trial court without a hearing and on its independent review of the record. (*See* doc. 29-21); *Ex parte Skinner*, No. WR-64,741-05 (Tex. Crim. App. Mar. 17, 2021).

**B.**     **Substantive Claims**

Petitioner's original § 2254 petition was received on May 28, 2021. (*See* doc. 3.) Based on his request to dismiss the petition, filed on June 17, 2021, the case was dismissed, but it was reinstated after he subsequently filed a notice to withdraw the request for dismissal. (*See* docs. 9-12.) He filed an amended § 2254 petition, received on July 14, 2021, that asserts the following

grounds for relief:

> (1) Court of Appeals erred on trial court's comment on the weight of the evidence by misconstruing TRAP Rule 47.1;
>
> (2) Court of Appeals erred allowing trial court to determine that A.O. was the correct outcry witness;
>
> (3) Petitioner was denied due process and a fair trial when the Prosecutor knowingly used perjurious testimony;
>
> (4) Petitioner's trial attorney was ineffective in the motion for new trial stage;
>
> (5) Petitioner's trial attorney was ineffective by failing to subpoena and question important witnesses for outcry hearing;
>
> (6) Petitioner's trial attorney was ineffective by failing to enlist an expert but relied instead on his cross-examination; and
>
> (7) Petitioner's appellate attorney was ineffective by failing to attend oral arguments and violated a breach of contract.

(doc. 18 at 6-8.) Respondent filed a response on October 21, 2021. (*See* doc. 26.) Petitioner filed a reply on March 10, 2022. (*See* doc. 36.) On October 26, 2022, Petitioner moved to dismiss his unexhausted claims. (*See* doc. 46.) Respondent did not file a response to the motion.

## II. MOTION TO DISMISS

Respondent contends that Petitioner's second, third, and fourth grounds for relief were not properly exhausted in state court. (*See* doc. 26 at 2, 6-8, 16.) Petitioner did not dispute or address these exhaustion arguments in his reply; instead, almost one year later, he moved to dismiss his unexhausted claims. (*See* docs. 36, 44, 46.)

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v.*

3

*Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795. As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner did not raise his second and fourth grounds for relief in his PSR or state habeas application. (*See* doc. 29-12; doc. 29-23 at 16-44.) The Texas Court of Criminal Appeals therefore has not had a fair opportunity to consider these habeas claims raised by Petitioner in his federal petition, and he has failed to exhaust state remedies as to these claims. Respondent did not respond Petitioner's motion to dismiss his unexhausted claims in the underlying state criminal case. Petitioner's unopposed motion to dismiss should granted as to his unexhausted second and fourth grounds for relief.[2]

### III.   APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

---

[2] As noted, Respondent also argues that Petitioner's third ground for relief was not properly exhausted. (*See* doc. 26 at 2.) The state habeas record shows that he raised the allegations of this ground in his state habeas application. (*See* doc. 29-23 at 21-22.) The claim "technically exhausted because in the habeas context, 'state court remedies are . . . "exhausted" when they are no longer available, regardless of the reason for their unavailability.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (5th Cir. 2022). The motion, which seeks to dismiss unexhausted claims, is therefore not liberally construed as seeking dismissal of Petitioner's third ground for relief.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly

5

established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## IV. COURT ERROR

In his first ground, Petitioner contends that the state intermediate appellate court "erred on trial court's comment on the weight of the evidence by misconstruing TRAP 47.1." (doc. 18 at 6.) He argues that "the intermediate-appellate [sic] court misconstrued the plain meaning of the rule failing to address the contents of the words that the judge used" in statements made by the trial court in front of the jury during the defense's cross-examination of a state witness. (doc. 19 at 4; *see also* doc. 36 at 2.) "[T]he trial court's statement did not attempt to control the courtroom or [sic] an expression of her frustration with the defense attorney (as the intermediate-appellate [sic] court claimed) but was, instead, a comment on the weight of [the witness's] testimony." (doc. 19 at 4.) "Specifically, it was a statement that the trial court believed [the witness's testimony]. And such a comment violates article 38.05 Tex.Code [sic] Crim.Proc. [sic] ('TCCP') (West)." (*Id.*)

In the state habeas proceedings, the trial court indicated that this claim did "not involve jurisdictional defects or denials of fundamental constitutional rights." (doc. 29-23 at 53.) Petitioner raised this claim in his motions for a re-hearing on appeal and in his PDR; the Texas Court of Criminal Appeals rejected the claim when it refused the PDR. (*See* doc. 29-4 at 26-35, 42-51; doc. 29-12 at 8-22; doc. 29-13).

Rule 47.1 of the Texas Rules of Appellate Procedure states: "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1. In its written opinion, the state intermediate appellate court considered Petitioner's claim arguing that "the trial court improperly commented on the weight of the evidence," including "by 'disparaging the technique used by [his] attorney to cross-examine' the State's witnesses."[3] (doc. 29-10 at 22); *see also Skinner*, 2018 WL

---

[3] Petitioner challenges the following statements by the trial court to defense counsel in front of the jury during the defense's cross-examination of a state witness: "You characterized your question in that manner. That's why she's

3545023, at *2-4. The opinion specifically set forth the testimony leading up to the challenged statements made by the trial court, relevant statements by the trial court to defense counsel in front of the jury and outside the presence the jury, and counsel's responses thereto. *See Skinner*, 2018 WL 3545023, at *2-3. It addressed the circumstances in which a trial judge improperly comments on the weight of the evidence under Texas law and found that "the trial judge's comment was an effort to maintain control and expedite the trial proceedings," and "[w]hile the trial judge expressed frustration with [Petitioner's] counsel's questioning, her comment did not 'diminish the credibility of the defense's approach to the case.'" *Id.* at *3-4 (citing *Clark v. State*, 878 S.W.2d 224, 226 (Tex. App.—Dallas 1994, no pet.)) (footnote omitted). It concluded that, "[o]n this record, we cannot conclude the trial judge improperly commented on the weight of the evidence," and resolved the claim against Petitioner. *Id.* at *4.

Although Petitioner disagrees with the state intermediate appellate court's analysis and interpretation of the challenged statements made by the trial court, he has not satisfied his burden to show that the trial court's statements or the state intermediate appellate court's written decision violated state law or procedure, much less that they violated a constitutional right or rendered his trial fundamentally unfair. He therefore has not shown that the state court's rejection of this claim was unreasonable, and the claim should be denied.

## V.  PROSECUTORIAL MISCONDUCT

In his third ground, Petitioner contends that he "was denied due process and a fair trial" because "[d]uring direct examination of Ofc. Wargacki, the State committed prosecutorial misconduct by knowingly using perjurious testimony inflaming the mids [sic] of the jury." (doc.

---

asking. You characterize all of your questions in absolutes, and then you come back with the negative of it. We can expedite this Cross. You certainly need to ask the questions you want to ask, but she's listening very carefully and trying to be honest. Nothing can be characterized in an absolute. . . ." (doc. 32-5 at 191); *see also Skinner*, 2018 WL 3545023, at *2-3.

18 at 7.) He complains that the officer "testified that in a phone conversation, Petitioner stated: 'He doesn't care, I guess, if we killed'im [sic] . . . He's been to prison.'" (*Id.*)

Petitioner raised this claim in his state habeas application, and the Texas Court of Criminal Appeals denied it when it denied the application. (*See* doc. 29-21; doc. 29-23 at 21-22.) Respondent contends that it is procedurally defaulted and without merit. (*See* doc. 26 at 16-20.)

The presentation of false evidence at trial, as well as the admission into evidence at trial of unsolicited false evidence that is not corrected, violates a criminal defendant's due process rights if the reliability of a given witness may be determinative of guilt or innocence. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). To prevail on a claim that his constitutional rights were violated by the presentation of false testimony, Petitioner must establish that: (1) the testimony was actually false; (2) the prosecution knew it was false; and (3) it was material. *Blackmon v. Scott*, 22 F.3d 560, 565 (5th Cir. 1994). Evidence is "material" when it is "a highly significant factor reasonably likely to have affected the jury's verdict." *Id.*

Even assuming for purposes of this motion only that this claim is not procedurally defaulted, the claim lacks merit. According to Petitioner, "[b]y her aggressive attempt to accumulate detrimental evidence on Petitioner, Prosecutor deliberately inflamed the minds of the jury through [the officer's] testimony. Accordingly, there was no evidence to support [the officer's] testimony and the statements he testified to were indeed false." (doc. 19 at 6.) He alleges that the state prosecutor "stated herself that the conversation did not exist but after the statements were made, failed to correct them in the presence of the jury." (*Id.*) The state records show that the prosecutor stated only that the conversation was not recorded, however, not that she stated or in any way suggested the conversation "did not exist." (*See* doc. 32-4 at 157.) Other than conclusory denials and allegations unsupported by the record, Petitioner has provided no facts or

9

evidence showing that the officer's testimony about what Petitioner told him during a phone conversation was false; his conclusory and unsubstantiated statements are insufficient to show entitlement to habeas relief.[4] *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Beyond conclusory statements, Petitioner also has not shown that the alleged perjured testimony was material. Following the officer's challenged testimony, the jury was "instructed that if there's any testimony before you in this case regarding the [Petitioner] having committed any offenses other than the offense alleged against him in this indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the [Petitioner] committed such other offenses, if any were committed, and even then, you may only consider the same in determining the intent of the [Petitioner] and for no other purpose." (doc. 32-4 at 155-56.) As jurors are presumed to follow a court's instructions, and Petitioner has provided no facts or evidence to rebut this presumption, he fails to show that the testimony was "a highly significant factor reasonably likely to have affected the jury's verdict." *Blackmon*, 22 F.3d at 565; *see also Woods v. Johnson*, 75 F.3d 1017, 1036 n.29 (5th Cir. 1996) (citing *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)).

Because Petitioner's claim is without merit, he fails to show that the state habeas court's

---

[4] During a conference outside the presence of the jury, the State advised that Petitioner's statement to the officer that he had been to prison before was "not actually a true statement because he's only gone to state jail." (doc. 32-4 at 159.) Petitioner also alleges in his reply that the officer's statement was false because he had never been to prison. (*See* doc. 36 at 3-4.) The officer did not testify that Petitioner had actually been to prison, however; he testified that Petitioner told him he had previously been to prison. (*See id.* at 155.) As discussed, Petitioner provides no facts or evidence beyond conclusory allegations that the testimony was false.

rejection of the claim was unreasonable. The claim should be denied.[5]

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL

In his fifth, sixth, and seventh grounds, Petitioner contends that counsel rendered ineffective assistance during trial and on appeal. (*See* doc. 18 at 8.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that the inquiry focuses on "whether

---

[5] Because Petitioner's claim is without merit, the alternative argument that the claim is procedurally defaulted need not be addressed.

counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the petitioner must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

**A.    Uncalled Witnesses**

In his fifth and sixth grounds, Petitioner contends that counsel was ineffective "by failing to subpoena and question important witnesses for outcry hearing," and "by failing to enlist an

expert but rel[ying] instead on his cross-examination". (doc. 18 at 8.)

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) ("In order for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial."). "This requirement applies to both uncalled lay and expert witnesses." *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010); *see also Day*, 566 F.3d at 538 (citing in part *Evans v. Cockrell*, 285 F.3d 370, 377-78 (5th Cir. 2002) (rejecting uncalled expert witness claim where the petitioner failed to present evidence of what a scientific expert would have stated)).

1. ***Outcry Witness Hearing***

Petitioner contends that counsel was ineffective because he failed to subpoena and call the mother of the minor victim's friend and an officer involved in the investigation of the offense to testify at a hearing to determine whether either was the appropriate outcry witness for the minor victim.[6] (*See* doc. 18 at 8; doc. 19 at 8-9.) He claims that the friend's mother "was the first person

---

[6] Article 38.072 of the Texas Code of Criminal Procedure "provides an exception to the hearsay rule in prosecutions of sexual offenses involving a child under the age of fourteen." *Skinner*, 2018 WL 3545023, at *4; *see also* Tex. Code. Crim. Proc. art. 38.072. For purposes of this hearsay exception, the "outcry witness is the first person over the age of 18, other than the defendant, to whom the child spoke about the offense," and there may be only one outcry witness for a single event. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *see also Skinner*, 2018 WL 3545023, at *4; Tex. Code. Crim. Proc. art. 38.072, § (2)(a)(3). To be an outcry witness under Texas law, there must be more than a "general allusion" to the offense made by the minor victim. *Lopez*, 343 S.W.3d at 140.

over 18 the alleged victim told" about the sexual assault. (doc. 19 at 8.) He also claims that "[i]f [the friend's mother] was not the proper outcry [sic] and [the victim's mother] was the proper outcry [sic] because she was told more in detail, then neither one should be the outcry witness because [the minor victim] testified that she told [the officer] more details than she did her mom and [the friend's] mother." (*Id.* at 8-9.) He argues that had counsel "payed [sic] attention to the testimony from [the minor victim], he would have known only to subpoena [the friend's] mother, but also question [the officer] who according to [the minor victim's] testimony was told more details, if in-fact [sic] that's what determines the outcry witness according to law." (*Id.* at 9.)

In his state habeas application, Petitioner raised a claim as to counsel's alleged failure to subpoena and call the friend's mother and the officer at the hearing to determine the outcry witness. (*See* doc. 29-23 at 37-38.) Trial counsel's affidavit in response stated, "[t]he child (victim) and her friend where [sic] clear in their testimony. . ., the victim never spoke to her friend's mother. This left the possible outcry witness in the case to be the victim's mother [ ]." (*Id.* at 62.) It further stated that counsel did not subpoena the friend's mom "because [she] was appearing with her daughter and could have been called," and did not subpoena the officer because he "spoke to the child after she had spoken to her mother," and therefore "did not meet the statutory requirements to be an outcry witness." (*Id.*) In recommending that the claim be denied, the state trial court cited counsel's testimony, found that trial counsel was a trustworthy individual and that his statements were worthy of belief, and that his statements were dispositive of Petitioner's allegations against him. (*See id.* at 53-55.) The Texas Court of Criminal Appeals rejected the claim on these findings and on its own independent review of the record. *(See* doc. 29-21.)

Assuming for purposes of this motion only that the alleged witnesses were available to testify at the hearing as alleged, and would have done so, Petitioner fails to set out the proposed

testimony of these alleged potential outcry witnesses and to show that their testimony would have been favorable to his defense. He therefore fails to show that counsel's performance was deficient for failing to subpoena or call them to testify at the hearing. Additionally, aside from conclusory statements that are insufficient to warrant § 2254 relief, he fails to provide any facts or evidence showing resulting prejudice under *Strickland*, i.e., a reasonable probability that the result of the hearing or trial would have been different had counsel called the friend's mother and the officer to testify at the hearing.

Because Petitioner has not shown that counsel was ineffective under *Strickland*, he fails to show that the state habeas court's rejection of this claim was unreasonable, and the claim should be denied.

### 2. *Expert Witnesses*

Petitioner contends that counsel "was ineffective for failing to enlist expert witnesses to rebut prosecution's experts on key issue(s) and relying instead on ill-informed cross-examination of prosecution's expert." (doc. 19 at 10.) He argues that defense expert witnesses were required to rebut the trial testimony of the sexual assault nurse examiner (SANE) who examined the minor victim, and a forensic scientist. (*See id.* at 10-11.)

In his state habeas application, Petitioner raised a claim as to counsel's alleged failure to call expert witnesses to rebut the testimony of the SANE and forensics scientist. (*See* doc. 29-23 at 35-36.) Counsel's affidavit stated that he "consulted with Forensic DNA Experts about the case," and that "[a]fter a lengthy phone call, the expert provided four conclusions":

> One, there was not enough DNA available to retest the swabs used on the condom. Two, the tests that were done could not identify whose DNA was on the condom or where it came from (i.e., vaginal fluid, spit or semen). Third, the DNA that was present on the condom was a combination of two people. Fourth, neither the victim or [sic] the [Petitioner] was excluded.

15

> After reviewing all the DNA evidence with the expert, we agreed that his presence would not add to [sic] discussion, would be repetitive and would probably put a focus on evidence that was not favorable to the [Petitioner].
>
> . . .
>
> After discussing this matter with [Petitioner] and his sister, we decided it would be more effective to get the state's witness to concede rather than calling another expert.

(doc. 29-23 at 61; *see also* doc. 19 at 10.) In recommending that the claim be denied, the state trial court found that trial counsel was a trustworthy individual, and that his statements were worthy of belief and were dispositive of Petitioner's allegations against him. (*See id.* at 53-55.) Citing the affidavit, it also found that counsel's "trial strategy was to not call an expert to refute the findings of the State's expert witness." (*Id.* at 55.) The Texas Court of Criminal Appeals rejected the claim on these findings and on its own independent review of the record when it denied the state habeas application. (*See* doc. 29-21.)

Here, regarding the SANE, Petitioner cites the following exchange during counsel's cross-examination of the witness:

> Q. Now obviously, I'm no medical professional, but as a layman though, over the years, we've been all told this is the way you determine whether a person has been active or not by looking at [the hymen]; is that correct?
>
> A. No.

(doc. 32-5 at 9.) Petitioner argues that "[i]t is absurd for [counsel] to say that he consulted with Medical and DNA experts, then decided than an expert was not needed when case law states that once the State bring [sic] in medical evidence to prove sexual assault, defendant is entitled to rebut that evidence with evidence that medical evidence could be explained by victim's prior sexual experience." (doc. 19 at 10 (citing *Miles v. State*, 61 S.W.3d 682 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).) According to him, the SANE's response of "No" to counsel's question "could

have been rebutted with a different answer by Counsel's own expert to speak truth as stated in the case law above." (*Id.*)

Regarding the forensic scientist, Petitioner alleges that "[i]n this case there was an issue of sexual penetration, but appeared unlikely given lack of physical evidence and an expert was necessary to rebut the State's expert witness." (*Id.* at 11.) He argues that "[t]he problem here was, [the forensic scientist] testified that she could not tell if [the DNA evidence from the condom provided by the minor victim] was vaginal fluid or if it was semed [sic]. . . . She also testified that it could have been spit, vaginal fluid, or semen but she can't account for which one it was." (*Id.*)

Petitioner fails to identify any expert witnesses to rebut the state's witnesses, show that they were available to testify and would have done so, set out the content of their proposed testimony, and show that any such testimony would have been favorable, however. His conclusory allegations and speculation are insufficient to show that counsel's performance was constitutionally deficient or resulting prejudice under *Strickland*.[7]  Petitioner has not shown that counsel rendered ineffective assistance in connection with uncalled expert witnesses during trial, and he therefore fails to show that the state court's rejection of this claim was unreasonable. The claim should be denied.[8]

---

[7] To the extent his § 2254 filings can be liberally construed as independently arguing that counsel was constitutionally ineffective in his cross-examination of the SANE because of the question and response cited by Petitioner in his claim, and even assuming for purposes of this motion only that this single exchange rendered counsel's performance deficient, Petitioner has not shown resulting prejudice. He therefore fails to satisfy his burden under *Strickland*. He cannot show that the state habeas court's rejection of the claim was unreasonable. To the extent considered, this claim should be denied.

[8] Petitioner argues that trial counsel lied in his affidavit by stating that Petitioner, his sister and counsel "decided not to call another expert." (doc. 19 at 10; *see id.* at 11; doc. 36 at 6-7.) He claims that "an evidentiary hearing should have been held, so that Petitioner and his sister could have testified to the facts of what really happened." (doc. 19 at 10; doc. 36 at 7.) These allegations challenge events from the state habeas proceedings. "An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'" *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (citation omitted); *see also Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) ("alleged infirmities in state habeas proceedings are not grounds for federal habeas relief."). This claim should be denied on this additional basis.

B.     **Oral Argument**

In his seventh ground, Petitioner contends that his "appellate attorney was ineffective by failing to attend oral arguments and violated a breach of contract." (doc. 18 at 8.) He alleges that "[a]fter appellate counsel advised that he would attend oral arguments on December 19, 2017, counsel not only failed to attend but failed to consult Petitioner about his decision, and broke a breach of contract." (*Id.*)

Petitioner raised this claim in his state habeas application. (*See* doc. 29-23 at 33-34.) In recommending denial of this claim, the state trial court found that appellate counsel was trustworthy and that his statements were worthy of belief. (*See id.* at 56.) Based on a thorough review of Petitioner's state habeas application, the state intermediate appellate court's opinion, and appellate counsel's affidavit, the state trial court found that appellate counsel's statements were dispositive of Petitioner's claim against him. (*See id.* at 57.) It cited appellate counsel's testimony that he waived oral argument because he "became convinced that the argument was better presented in writing than orally," he did not consult with Petitioner about the decision to waive oral argument as his normal practice and in Petitioner's best interests, and "[t]here is little that I could have added to the substance of this appeal through oral argument." (*Id.* at 57-58, 65-66.) The Texas Court of Criminal Appeals rejected the claim on these findings and on its own independent review of the record. *(See* doc. 29-21.)

"An attorney's decision to waive oral argument does not automatically amount to ineffective assistance of counsel." *Brown v. La. State Penitentiary*, No. 11-cv-1313, 2014 WL 4287961, at *8 (W.D. La. Aug. 29, 2014) (citing *Martin v. United States*, No. 03-71781, 2007 WL 5497196, at *12 (E.D. Mich. 2007)); *see also Hazlett v. Director*, No. 4:19cv219, 2022 WL 660802, at *25 (E.D. Tex. Feb. 4, 2022). Here, aside from conclusory allegations unsupported by

the record and misconstruction of appellate counsel's affidavit testimony, Petitioner fails to provide any facts or evidence showing that appellate counsel's decision to waive oral argument did not "fall within the wide range of reasonable professional assistance."[9] *Strickland*, 466 U.S. at 689. He also fails to allege and show a reasonable probability that he would have prevailed on appeal if appellate counsel had consulted with him about whether to waive oral argument or if appellate counsel had proceeded with oral argument on appeal. *See Briseno*, 274 F.3d at 207. He has not shown that appellate counsel's performance was deficient or resulting prejudice under *Strickland*.[10] Because he has not shown that appellate counsel rendered ineffective assistance by waiving oral argument, he fails to show that the state habeas court's rejection of this claim was unreasonable, and it should be denied.[11]

## VII. EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing on his claims. (*See* doc. 18 at 7; doc. 19 at 14.)

---

[9] Petitioner alleges that appellate counsel "had a conversation with Petitioner's sister stating that 'the reason I waived oral argument was because a little biride [sic] told me (someone that works for the Fifth Court of Appeals) I had enough in my brief to win the appeal.'" (doc. 19 at 13; *see also* doc. 36 at 9.) He claims this conversation "was asserted in an affidavit from [Petitioner's sister] and sent to the State Bar of Texas . . ." but fails to provide the affidavit and or show that it was in the record before the state habeas court. (doc. 19 at 13.) He therefore fails to provide evidence to warrant § 2254 relief. *See Garza v. Stephens*, 738 F.3d 669, 674 (5th Cir. 2013) ("When ruling on a petition for a writ of habeas corpus, the federal district court must defer to the state court's factual findings, and consider only the record that was before the state court.") (internal citations omitted); *Ross*, 694 F.2d at 1011.

[10] Petitioner appears to argue that he was constructively denied appellate counsel based on counsel's ineffectiveness, and that prejudice is therefore presumed. (*See* doc. 19 at 12.) The presumed prejudice standard recognized by the Supreme Court in *United States v. Cronic*, 466 U.S. 648 (1984), is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance." *Cronic*, 466 U.S. at 658-59, 661; *accord Bell v. Cone*, 535 U.S. 685, 695-96 (2002); *Austin v. Davis*, 647 F. App'x 477, 490 (5th Cir. 2016). The *Cronic* standard applies only when counsel has *entirely* failed to challenge the prosecution's case. *See Bell*, 535 U.S. at 696-97. Here, appellate counsel filed a 61-page appellate brief, a letter of supplemental authority, two motions for a rehearing, and a PDR. Petitioner has not satisfied his burden to demonstrate that he was constructively denied counsel such that the *Cronic* standard should apply. *See Childress v. Johnson*, 103 F.3d 1221, 1228 (5th Cir. 1997). His ineffective assistance of appellate counsel claim is properly analyzed under the *Strickland* standard.

[11] To the extent Petitioner alleges a claim for breach of contract by appellate counsel that is independent of his claim of ineffective assistance of counsel, the claim does not arise under the laws or Constitution of the United States and therefore provides no basis for federal habeas relief. To the extent considered, it should be denied.

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VIII.   RECOMMENDATION

Petitioner's unopposed *Motion to Dismiss Unexhausted Claims*, received on October 26, 2022 (doc. 46), should be **GRANTED** as to his unexhausted second and fourth grounds for relief, and his amended *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 14, 2021 (doc. 18), should be **DENIED** with prejudice.

**SIGNED this 31st day of July, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE