IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA CORNELL SKINNER, §<br>ID # 02137079, §<br>Petitioner, §<br>§<br>v. §<br>§<br>DIRECTOR, Texas Department of §<br>Criminal Justice, Correctional §<br>Institutions Division, §<br>Respondent. § | No. 3:21-CV-1246-X (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Joshua Cornell Skinner, a state prisoner, filed a *pro se* Motion for Relief Under Civil Rule 60(b)(1) (doc. 57). The District Court referred the filing to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the Fed. R. Civ. P. 60(b) motion without prejudice for lack of jurisdiction, or alternatively, DENY the motion on the merits.

**Background**

Skinner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2017 state conviction for aggravated sexual assault of a child and life sentence. (*See* doc. 18.) On July 31, 2023, the magistrate judge recommended that his unexhausted claims be dismissed and his exhausted claims be denied with prejudice. (*See* doc. 50.) The Court did not receive any objections to the recommendation, and on August 18, 2023, the Court accepted the

recommendation, entered judgment, and denied a certificate of appealability. (*See* docs. 51-52.) The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability on December 13, 2023. (*See* doc. 54.)

Skinner now seeks relief from the judgment under Fed. R. Civ. P. 60(b)(1), or alternatively, Fed. R. Civ. P. 60(b)(6). (*See* doc. 57.) He contends that he was "denied the opportunity to file objections to the Magistrate's Findings, Conclusions, and Recommendation (MFCR) through the abandonment of his retained counsel," which denied him "the opportunity for a de novo review of the objections regarding his claims by this Court's primary authority." (*Id.* at 2.) He asks that the case be re-opened "for the purpose of filing objections to the MFCR, triggering the de novo review that is required." (*Id.* at 4.)

**Legal Standards**

Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* Fed.

2

R. Civ. P. 60(c)(1). "[R]elief under Rule 60(b) is considered an extraordinary remedy, and the desire for a judicial process that is predictable mandates caution in reopening judgments." *Haygood v. Dies*, 2023 WL 2326424, at *4 (5th Cir. Mar. 2, 2023) (internal quotation marks and footnotes omitted) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)). The moving party carries the burden of showing entitlement to relief under any provision of Rule 60(b), and the district court has considerable discretion in determining whether that burden has been satisfied. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

In the habeas context, a motion for relief from judgment that seeks to advance one or more substantive habeas claims, or that attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). A motion that challenges the failure to reach the merits of the habeas petition or challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack, is properly filed under Rule 60(b). *See id.* at 532 & nn. 4-5; *see also Chase v. Epps*, 74 F. App'x. 339, 345 (5th Cir. 2003) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive 28 U.S.C. § 2254 application.").

3

## Analysis

Skinner claims that he retained counsel "to assist in the pending Federal habeas appeal to include, but not limited to, filing of any objections to the MFCR." (doc. 57 at 2.) He argues that his attorney "not only failed to complete and file the necessary objections to the MFCR, [he] failed to request an extension of time to do so, or notify Skinner of such so he could file a pro se motion in order to preserve this aspect of the appeal process and ensure a de novo review by the district judge." (*Id.* at 3.) He alleges that "[a]s a result of [his attorney's] actions, and the lack thereof, Skinner defaulted on the opportunity to file objections to the MFCR by the allotted deadline." (*Id.*) He claims that "[t]his motion does not attack the substance of the federal court's resolution of claims on the merits," but instead challenges a "defect in the integrity of the Federal habeas proceedings." (*Id.* at 1 (citation and internal quotation marks omitted).)

"Challenges based on the movant's own conduct, or omissions by habeas counsel, 'ordinarily do[ ] not go to the integrity of the proceedings, but in effect ask[ ] for a second chance to have the merits determined favorably." *Gamboa v. Davis*, 782 F. App'x 297, 300-01 (5th Cir. 2019) (citations omitted); *see also Gonzalez*, 545 U.S. at 532 n.5. Although Skinner argues that his counsel's "total abandonment" constitutes a defect in the federal habeas proceedings, the motion seeks to re-open this case for the purpose of attacking the previous resolution of Skinner's claims on the merits. (doc. 57 at 1, 3-4.) It therefore constitutes a successive § 2254 petition. *See Gamboa*, 782 F. App'x at 301 (denying certificate

of appealability on district court's holding that Rule 60(b) motion alleging abandonment of habeas counsel was unauthorized successive habeas petition); *In re Edwards*, 865 F.3d 197, 204-05 (5th Cir. 2017) (holding Rule 60(b) argument seeking to re-open habeas proceedings based on alleged abandonment of counsel was a successive habeas claim). Because the Fifth Circuit has not issued an order authorizing a successive § 2254 petition, this Court lacks jurisdiction to consider Skinner's new § 2254 petition, and it should be dismissed. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015); 28 U.S.C. §§ 2244(b)(3), (b)(4).

Alternatively, even if Skinner were able to show that his motion was not a successive § 2254 petition and therefore the Court had jurisdiction to consider it, he has not shown that he is entitled to relief under Rule 60(b)(1) or Rule 60(b)(6). Regarding Rule 60(b)(1), while it "allows relief for 'mistake, inadvertence . . . or excusable neglect,' these terms are not wholly open-ended. 'Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.'" *Pryor v. United States Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985). And "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). The only explanation Skinner offers for not filing objections to the recommendation in this case is his counsel's failure to file any objections by the deadline. But counsel's failure to timely file objections to the recommendation does

not warrant relief under Rule 60(b)(1).

Regarding Rule 60(b)(6), motions under this clause "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citation and internal quotation marks omitted). "Extraordinary circumstances 'will rarely occur in the habeas context.'" *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019) (quoting *Gonzalez*, 545 U.S. at 535). A movant seeking relief under Rule 60(b)(6) must also "show that he can assert 'a good claim or defense' if his case is reopened.'" *Id.* (citation omitted).

Skinner fails to show a basis for relief under Rule 60(b)(6). Aside from suggesting the general existence of objections to the recommendation, Skinner does not allege or identify any claim or defense, much less a meritorious one, that he can assert if the Court reopened the case. Additionally, "reliance on counsel do[es] not represent the exceptional inequity necessary for granting relief under Rule 60(b)." *Williams v. United States*, 577 F.2d 930, 931 (5th Cir. 1978) (citation omitted). The Court also notes that Skinner's motion and documents in support show that he was aware of his counsel's alleged failure to file objections to the recommendation no later than August 22, 2023, four days after the recommendation was accepted and judgment was entered. (*See* doc. 57 at 10.) Despite this, Skinner did not attempt to file any objections to the recommendation or seek any post-judgment relief from this Court; instead, he filed a *pro se* notice of appeal and only sought relief here once he was unsuccessful on appeal. (*See* doc. 53.) Because Skinner has not shown he can assert "a good claim or defense,"

6

reliance on counsel does not represent extraordinary circumstances necessary to satisfy his burden, and the timing of his seeking relief from this Court appears to be strategic, he has not shown he is entitled to relief under Rule 60(b)(6).

## Recommendation

The Court should DISMISS Skinner's Fed. R. Civ. P. 60(b) motion without prejudice to seeking authorization from the Fifth Circuit to file a second or successive petition under 28 U.S.C. § 2254. Alternatively, the Court should DENY the motion on the merits.

Signed February 8, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).